IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>EATON CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br>Case No. 2:10-CV-905 TS |

  This matter is before the Court on four motions for summary judgment filed by different Defendants and joined in by various other Defendants. For the reasons set out below, the Court finds that the three year statute of limitations in Utah Code Ann. § 78B-2-117 applies to this case, which bars Plaintiff's claims against those entities named for the first time in Plaintiff's First Amended Complaint. Therefore, the Court will deny the Motions for Summary Judgment

filed by Defendants Eaton Corporation and General Electric Company,[1] but will grant the Motions filed by Defendants Cooper Industries, LLC and Kelly-Moore Paint Company, Inc.[2]

## I.  BACKGROUND

Plaintiff Aaron Anderson brought his original Complaint against various Defendants on September 14, 2010.  Plaintiff alleged that he had "sustained asbestos-related lung injuries as a result of his inhalation of asbestos fibers through his occupational exposure to asbestos."[3] Plaintiff was diagnosed with pleural plaques and asbestosis on or about March of 2008.[4]

Plaintiff's Complaint further stated:

All of Plaintiff's claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff's worksites, over a period of years, whereby toxic asbestos fibers were released and subsequently inhaled by the Plaintiff, resulting in cumulative, progressive and incurable lung diseases.[5]

Plaintiff brought claims for negligence, products liability, strict liability, representations/warnings, fraud and deceit/negligent misrepresentation, and aiding and abetting battery.

---

[1] Defendants General Cable Corporation, Okonite Company, Inc., Rockwell Automation, Inc., Schneider Electric USA, Inc. f/k/a Square D Company, Georgia-Pacific LLC, Metropolitan Life Insurance Company, and Sequoia Ventures have joined in either or both of these Motions.

[2] Defendants Riley Power Inc. and Kaiser Gypsum Company, Inc. have joined in the Motion filed by Defendant Cooper Industries, LLC.

[3] Docket No. 1, ¶ 1; *see also id* ¶ 4 ("Plaintiff sustained an asbestos-related lung disease by inhaling asbestos fibers released while handling asbestos-containing products at Plaintiff's jobsites.").

[4] *Id.*, Ex. A.

[5] *Id.* ¶ 6.

Plaintiff filed a First Amended Complaint on August 26, 2011, adding certain Defendants.  In addition to adding Defendants, the First Amended Complaint added claims for premises owner/contractor liability and loss of consortium.

Plaintiff filed a Third Amended Complaint on December 9, 2011, which removed Plaintiff's loss of consortium claim.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[6] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[8]

## III.  DISCUSSION

The first issue to be determined is which statute of limitation applies to Plaintiff's claims. Defendants Eaton Corporation and General Electric—joined by Defendants General Cable Corporation, Okonite Company, Inc., Rockwell Automation, Inc., Schneider Electric USA, Inc. f/k/a Square D Company, Georgia-Pacific LLC, Metropolitan Life Insurance Company, and

---

[6] FED. R. CIV. P. 56(a).

[7] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[8] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

Sequoia Ventures, Inc.—argue that Plaintiff's claims are governed by the two year statute of limitations contained in the Utah Product Liability Act.[9] Plaintiff opposes Defendants' Motions, arguing that the three year limitations period found in Utah Code Ann. § 78B-2-117 applies.

The parties agree with the basic premise that, if two statutes may be applicable, the more specific provision governs.[10] This principle can be found in the language of Utah Code Ann. § 78B-2-117. That statute states that, "[n]otwithstanding any other provision of law, a statute of limitation or repose may not bar" the type of actions described, namely "an action to recover damages from any manufacturer of any construction materials containing asbestos and arising out of the manufacturer's providing of the materials, directly or through other persons, for use in construction of any building within the state."

Despite this language, Defendants argue that statute of limitations contained in the Utah Product Liability Act is the more specific provision.[11] Defendants focus on language from courts interpreting the Utah Product Liability Act in support of their argument that the statute of limitations found in the Act applies here. These cases, however, are largely unhelpful because none of them involved asbestos-related products.

---

[9]Utah Code Ann. § 78B-6-706.

[10]*See Jensen v. IHC Hosp., Inc.*, 944 P.2d 327, 337 (Utah 1997) ("A settled rule of statutory construction, which helps us determine legislative intent, provides that a more specific statute governs instead of a more general statute.") (quotation marks and citation omitted).

[11]Defendant General Electric Company also argues that summary judgment should be granted because Plaintiff's opposition to the motion was untimely. However, because Defendant General Electric Company is not entitled to judgment as a matter of law, the fact that Plaintiff's opposition was untimely does not warrant the entry of judgment in Defendant's favor because "no defense to an insufficient showing is required." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970).

The real question before the Court is whether Plaintiff's claims are the type of claims described in the asbestos statute of limitations. If so, then the three year limitation would apply because it is clearly more specific than the statute of limitations in the Utah Product Liability Act. If Plaintiff's claims do not fall within the type described in Utah Code Ann. § 78B-2-117, then, of course, that statute would have no application.

To make this determination, the Court must look to the text of the asbestos statute of limitation. Utah Code Ann. § 78B-2-117(1)(a) states:

> Notwithstanding any other provision of law, a statute of limitation or repose may not bar an action to recover damages from any manufacturer of any construction materials containing asbestos and arising out of the manufacturer's providing of the materials, directly or through other persons, for use in construction of any building within the state until July 1, 1991, or until three years after the person or entity bringing the action discovers or with reasonable diligence could have discovered the injury or damages, whichever is later.[12]

Thus, in order for this statute to apply, there must be (1) an action; (2) to recover damages; (3) from a manufacturer of construction materials containing asbestos; (4) arising out of the manufacturer's providing the materials; (5) for use in construction; (6) of any building; (7) within the state. If these elements are present, a statute of limitation or repose may not bar the action "until July 1, 1991, or until three years after the person or entity bringing the action discovers or with reasonable diligence could have discovered the injury or damages, whichever is later" "[n]otwithstanding any other provision of law."

When viewed in the light most favorable to Plaintiff as the non-moving party, the evidence presented demonstrates that Plaintiff worked as an electrician in Utah for many years.

---

[12]Utah Code Ann. § 78B-2-117(1)(a).

As an electrician he was involved in the remodel and construction of various buildings in the state. During these projects, he used materials allegedly containing asbestos that had been provided by Defendants. As a result of his exposure to these products, Plaintiff claims to have sustained asbestos-related lung injuries for which he seeks to recover damages. These facts are sufficient for Plaintiff's claims to fall within the asbestos statute of limitations. Because the facts of this case fall within that statute, the three year limitations period applies.

Next, the Court must consider how to apply Utah Code Ann. § 78B-2-117. In the Motions for Summary Judgment filed by Defendants Cooper Industries, LLC and Kelly-Moore Paint Company, Inc., and joined in by Defendants Riley Power Inc and Kaiser Gypsum Company, Inc., Defendants argue that Plaintiff's claims against them must be dismissed even considering the longer limitations period.

It is undisputed that Plaintiff was first diagnosed in March 2008, but did not file his Amended Complaint naming certain Defendants until August 26, 2011, over three years after his diagnosis. Thus, the only issue presented by the Motions filed by Defendants Cooper Industries, LLC and Kelly-Moore Paint Company, Inc. is how to interpret § 78B-2-117.

Utah Code Ann. § 78B-2-117 states:

> (1)(a) Notwithstanding any other provision of law, a statute of limitation or repose may not bar an action to recover damages from any manufacturer of any construction materials containing asbestos and arising out of the manufacturer's providing of the materials, directly or through other persons, for use in construction of any building within the state until July 1, 1991, or until three years after the person or entity bringing the action discovers or with reasonable diligence could have discovered the injury or damages, whichever is later.

> (b) Subsection (1)(a) provides a statute of limitation for the specified actions, and also acts retroactively to permit, within time limits, the commencement of actions under this section that are otherwise barred.

Defendants argue that since Plaintiff discovered his illness in March 2008, he had three years to file a claim against them. Since he did not do so until several months later, his claims are barred.

Plaintiff disagrees with Defendants' straightforward interpretation of the statute. Plaintiff argues that "it is logical to construe this limitation as being applicable to exposures, the first of which occurred following July 1, 1991 thereafter leading to the diagnosis of an asbestos related injury."[13] Thus, under Plaintiff's interpretation, there is no statute of limitations for cases of exposure prior to July 1, 1991, and only cases of exposure after July 1, 1991, are subject to the three year limitations period.

Plaintiff's argument must be rejected because that interpretation is not supported by the text of the statute. The statute says nothing of exposure. Rather, that statute removes any statute of limitation or repose that would otherwise bar an action described under the statute "until July 1, 1991, or until three years after the person or entity bringing the action discovers or with reasonable diligence could have discovered the injury or damages, whichever is later." There is nothing in the language of the statute to support a different reading. Further, subsection (1)(b) cuts against Plaintiff's interpretation of the statute. That provision makes clear that subsection 1(a) acts retroactively to permit actions that would otherwise be barred by another applicable statute of limitations period. This is true regardless of when the exposure occurred.

---

[13]Docket No. 172, at 6; Docket No. 171, at 5-6.

This conclusion is further supported by Plaintiff's own example.  Plaintiff uses the example of someone being exposed in 1962 (incorrectly stated as 1992 in Plaintiff's Memorandum in Opposition), with a latency period of 25 years, resulting in a diagnosis in 1987.  Under the statute, that individual would have until July 1, 1991, to file a claim, as that would be the later of the two limitation periods—July 1, 1991 or three years.  Thus, even under Plaintiff's example, the time of exposure is irrelevant.  The key inquiry is when the person "discovers or with reasonable diligence could have discovered the injury or damages."  In this case, it is undisputed that Plaintiff "discovered the injury or damages" in March 2008.  Thus, under the clear text of the statute, Plaintiff had three years, until March 2011, to bring his claim.  Plaintiff did not file his First Amended Complaint until August 26, 2011.  Therefore, the claims brought against those Defendants named for the first time in the First Amended Complaint are barred under § 78B-2-117.

Plaintiff recognizes that "it may . . . be possible to logically construe section [78B-2-117] to support a time bar in this case."[14]  However, Plaintiff suggests that since the language of the limitation is subject to two reasonable interpretations, the Court should choose the interpretation that preserves, rather than defeats, the remedy.  However, since the Court must reject Plaintiff's argument that the limitation is subject to two reasonable interpretations, the Court must also reject this argument.

---

[14] Docket No. 172, at 6; Docket No. 171, at 6.

IV.  CONCLUSION

It is therefore

ORDERED that the Motions for Summary Judgment filed by Defendants Eaton Corporation and General Electric Company, and the joinders therein, (Docket Nos. 155, 156, 157, 158, 159, 160, 161, 163, 164, 168, 169, and 184) are DENIED.  It is further

ORDERED that the Motions for Summary Judgment filed by Defendants Cooper Industries, LLC and Kelly-Moore Paint Company, Inc., and the joinders therein, (Docket Nos. 138, 140, 142, and 143) are GRANTED.

The hearing set for October 29, 2012, is STRICKEN.

DATED   October 24, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge