IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>EATON CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STRIKE AND DENYING MOTION TO STAY<br><br><br><br>Case No. 2:10-CV-905 TS |

This matter is before the Court on a Motion to Stay filed by the law firm Brayton Purcell, LLP ("Brayton Purcell") and a Motion to Strike filed by Defendant General Electric Company ("General Electric"). For the reasons discussed below, the Court will grant the Motion to Strike and deny the Motion to Stay. However, in order to protect the interests of Plaintiff's successor-in-interest, the Court will vacate the scheduling order in this case.

I.  BACKGROUND

Plaintiff Aaron Anderson filed his Complaint in this action on September 14, 2010. Plaintiff alleged that he had "sustained asbestos-related lung injuries as a result of his inhalation

1

of asbestos fibers through his occupational exposure to asbestos."[1]  Plaintiff passed away on October 31, 2012, and counsel for Defendant The Okonite Company, Inc. filed a Notice of Plaintiff's Death on November 7, 2012.

On November 8, 2012, Brayton Purcell, LLP, the law firm that represented Plaintiff in this case prior to his death, filed a Motion to Stay.  In its Motion, Brayton Purcell seeks a stay of this case for 120 days so that a personal representative can be appointed and the Complaint be amended to allege wrongful death.  Alternatively, Brayton Purcell seeks an extension of time to complete and serve expert reports, which were due from Plaintiff on November 9, 2012.

Defendant General Electric opposes the Motion to Stay and has filed a Motion to Strike.[2]  In support of its Motion to Strike, Defendant General Electric argues: (1) that Brayton Purcell does not represent any existing party due to the death of Plaintiff; and (2) the Motion to Stay is unnecessary and prejudicial to Defendants.

## II.  DISCUSSION

The Court will first address Defendant General Electric's Motion to Strike.  As stated, General Electric argues that the Motion to Stay should either be stricken or denied because Brayton Purcell does not represent a party in this case.  The Court agrees.

As an agency relationship, the attorney-client relationship terminates upon the death of the client.[3]  Thus, as a result of Plaintiff's death, Brayton Purcell does not represent any party to

---

[1] Docket No. 1, ¶ 1.

[2] No other Defendant has responded to the Motion to Stay.

[3] *See* Restatement (Second) of Agency § 120(1).

this action.  Brayton Purcell purports to file the Motion to Stay on behalf of Plaintiff's anticipated successor-in-interest.  However, no motion to substitute under Fed. R. Civ. P. 25(a)(1) has been filed and it is well-established that "the attorney for the deceased party . . . is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule."[4]  Based on this, the Motion must be stricken.

Brayton Purcell's Motion to Stay does, however, raise legitimate concerns.  Through the Motion to Stay, Brayton Purcell seeks to protect the interests of Plaintiff and his successor-in-interest.  At the time the Motion was filed, the deadline for Plaintiff to file expert reports was fast approaching and the Motion seeks to extend the various deadlines in the current Scheduling Order.

Defendant General Electric suggests that, with Plaintiff's death, all discovery deadlines are moot and, should a new plaintiff be added and a new complaint filed, discovery will need to be reopened.  If all parties were to agree with this point, the Motion to Stay would be unnecessary.  However, because the other Defendants have not responded to the Motion to Stay, neither the Court nor Plaintiff can be assured of this.

Based on the concerns raised by the Motion to Stay, and pursuant to the Court's authority to "control the disposition of the causes on its docket,"[5] the Court will vacate all deadlines in the

---

[4] 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac. & Proc., Civil § 1955.

[5] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Scheduling Order. This action alleviates the concerns raised by both Brayton Purcell and General Electric. The Court will await the filing of a motion to substitute under Fed. R. Civ. P. 25(a)(1). Should a party be substituted, the Court will establish a new scheduling order, including new discovery deadlines.

### III.  CONCLUSION

It is therefore

ORDERED that the Motion to Stay (Docket No. 200) is DENIED. It is further

ORDERED that the Motion to Strike (Docket No. 201) is GRANTED. It is further

ORDERED that the Scheduling Order (Docket No. 105) is VACATED.

The hearing set for January 14, 2013, is STRICKEN.

DATED   December 13, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge