IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KARYN MAAG, as Successor-in-Interest to AARON ANDERSON, Deceased,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>EATON CORPORATION, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT<br><br><br><br>Case No. 2:10-CV-905 TS |

This matter is before the Court on Plaintiff's Motion to Amend Complaint.  For the reasons discussed below, the Court will grant the Motion.

## I.  BACKGROUND

This matter was originally filed by Aaron Anderson.  However, during the pendency of this case, Mr. Anderson died.  Subsequently, Karyn Maag sought to be substituted as Plaintiff for Mr. Anderson, which request the Court granted on January 8, 2013.  Plaintiff now seeks to amend the complaint to add causes of action for negligence and strict liability for the wrongful death of Mr. Anderson on behalf of his legal heirs.

## II.  DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  The Rule specifies that "[t]he court should freely give leave when justice so requires."[1]  "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[2]

The Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[3]

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[4]  "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[5]

Defendant General Cable Corporation argues that Plaintiff's Motion to Amend should be denied.  Defendant contends that Plaintiff should be required to submit proof that she is the

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[3] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[4] *Id*. at 1207.

[5] *Id*. at 1208.

approved representative of Mr. Anderson's heirs.  Defendant argues that without such proof it could be subject to claims brought by other heirs.

The Utah Supreme Court has held that, under Utah's wrongful death statute, only one action may be maintained against a wrongful death defendant.[6]  However, there may be exceptions to the one-action rule, such as when an heir colludes with the defendant to prevent another heir from joining in the action and/or obtaining their just proportion of any damages or a settlement.[7]

The Court recognizes Defendant's concern, but cannot find that it justifies denial of Plaintiff's Motion to Amend.  The proposed Fourth Amended Complaint states that Plaintiff is the "successor-in-interest to, or the personal representative of the estate of" Mr. Anderson "and the personal representative[] on behalf of the legal heirs, or the heirs-at-law."[8]  The proposed Fourth Amended Complaint goes on to specifically identify Mr. Anderson's heirs.[9]  There is nothing in the record to suggest there are other heirs whom Plaintiff does not represent.

Further, Defendant's concerns about an exception to the one-action rule appear to be overstated.  The exception discussed in *Overturf* requires the identified heirs to "'cooperate, collude, and connive with the defendant in the action to deprive any one or more of the heirs

---

[6] *Overturf v. Univ. of Utah Med. Ctr.*, 973 P.2d 413, 415 (Utah 1999).

[7] *Id.*

[8] Docket No. 226, ¶ 1.

[9] *Id.* ¶ 38.

from joining in the action and from obtaining their just proportion of the damages . . . .'"[10]  There

is nothing to suggest that the parties will engage in such behavior.  So long as such behavior is

avoided, any case brought by a previously unidentified heir should be easily dispatched.

Therefore, the Court finds no prejudice in allowing amendment.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 228) is

GRANTED.

DATED   May 1, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[10]*Overturf*, 973 P.2d at 415 (quoting *Parmley v. Pleasant Valley Coal Co.*, 228 P.2d 557, 562 (1924)).

4