IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KARYN F. MAAG,<br><br>         Plaintiff,<br><br>v.<br><br>EATON CORPORATION, et al.,<br><br>         Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT GENERAL CABLE'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:10-CV-905 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant General Cable's Motion for Summary Judgment. For the reasons discussed more fully below, the Court will deny Defendant's Motion.

I. INTRODUCTION

General Cable moves for summary judgment, on Plaintiff's two personal injury claims brought under Utah's survival statute and Plaintiff's two wrongful death claims. In the alternative to complete summary judgment as to the survival statute claims, General Cable moves for summary judgment on the issue of the application of a statutory cap on damages.

Plaintiff is the personal representative of the heirs of Mr. Aaron Anderson. Mr. Anderson died in October 2012 and Plaintiff now asserts four claims for relief against General Cable. The first and second claims are under Utah's statute regarding survival of personal injury claims upon the death of the injured person, Utah Code Ann. § 78B-3-107. Prior to his death, Mr. Anderson had asserted claims for personal injury due to asbestosis from his alleged exposure to asbestos-containing products manufactured, sold, or distributed by General Cable and others. Those claims are for negligence and products liability.

1

Plaintiff's third and fourth claims against General Cable are asserted on behalf of herself and Mr. Anderson's heirs under Utah's wrongful death statute, Utah Code Ann. § 78B-3-106. Those claims are for the injury to the heirs caused by the alleged wrongful death of Mr. Anderson purportedly caused by General Cable. One of the wrongful death claims is for negligence and the other is for products liability. These claims were asserted through an amended complaint after Mr. Anderson's death.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law.[1] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

## III.  DISCUSSION

General Cable raises the following arguments in its Motion. First, Plaintiff's wrongful death and personal injury claims fail as a matter of law because there is no reliable evidence indicating that Mr. Anderson's injury and death were caused by exposure to any General Cable product. Second, Plaintiff's wrongful death claims fail as a matter of law because there is no evidence Mr. Anderson died from asbestosis. And third, Plaintiff's wrongful death claims fail

---

[1] FED. R. CIV. P. 56(a).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

because Plaintiff cannot prove damages.  In the alternative to complete summary judgment, General Cable argues that Plaintiff's damages are capped.

General Cable argues that Plaintiff's wrongful death and personal injury claims fail as a matter of law because Plaintiff cannot prove that exposure to General Cable's products caused Mr. Anderson's death and injuries.  General Cable contends that the causation standard is a proximate cause standard requiring Plaintiff to demonstrate that his injuries were proximately caused by exposure to airborne asbestos fibers that came from a product manufactured, distributed, or sold by General Cable.[4]  Plaintiff argues that the causation standard in asbestos cases in Utah only requires Plaintiff to show that the exposure to the asbestos-containing product was a substantial factor in causing Plaintiff's injuries.[5]

The Court finds that Utah law requires Plaintiff to demonstrate that exposure to General Cable's asbestos-containing products was a substantial factor in causing Mr. Anderson's development of asbestosis and subsequent injuries.  In *Anderson v. Ford Motor Co.*,[6] the United States District Court for the Eastern District of Pennsylvania, applying Utah law, applied the substantial factor test as set forth in *Sortor v. Asbestos Defendants*.[7]  When the matter returned from the MDL panel, this Court also applied the substantial factor test.[8]  The Court finds no persuasive reason why it should not apply the substantial factor test in this case.

---

[4] Docket No. 289, at 22.

[5] Docket No. 291, at 1.

[6] No. 2:09-69122, 2011 WL 5505437, at *1 n.1 (E.D. Pa. April 27, 2011).

[7] *Id.* (citing *Sortor v. Abestos Defendants*, Civ. No. 040909899 (3d. Dist. Ct. Utah Mar. 10, 2006)).

[8] *Anderson v. Ford Motor Co.*, No. 2:06-CV-741 TS 2013, WL 3752136 (D. Utah July 15, 2013).

General Cable argues that there is not sufficient evidence to show that Mr. Anderson was exposed to its asbestos-containing products.[9] In Mr. Anderson's deposition testimony, he only mentions General Cable in response to counsel's question as to whether it was one of the products he worked with throughout his career.[10] General Cable claims this is not sufficient evidence to show that exposure to General Cable's products was a substantial factor in causing Mr. Anderson's injuries.[11] Additionally, General Cable argues that because only one brand of its products contained asbestos it is unlikely that Mr. Anderson came into contact with it.

Plaintiff argues that Mr. Anderson did come into contact with General Cable products containing asbestos and those products exposed Mr. Anderson to asbestos above ambient levels.[12] Plaintiff contends that such exposure was a substantial factor in contributing to Mr. Anderson's asbestosis diagnosis, which contributed to his death.[13] Plaintiff relies on Mr. Anderson's deposition testimony, indicating he used General Cable products, and expert Charlie Ay's declaration, which states that Mr. Anderson's work likely exposed him to levels of asbestos. Additionally, Plaintiff appears to rely more on circumstantial evidence that Mr. Anderson was exposed to asbestos from General Cable's products because he was a career electrician who stripped thousands of wire throughout his career and identified General Cable as one of the wires he stripped.[14]

---

[9] Docket No. 297, at 24–25.

[10] *Id.*

[11] *Id.*

[12] Docket No. 291, at 2.

[13] *Id.*

[14] *Id.* at iii–iv.

Plaintiff's evidence that Mr. Anderson was exposed to General Cable products containing asbestos is slight and is based primarily on Mr. Anderson's deposition, Mr. Ay's declaration, and circumstantial evidence. However, construing the facts in the light most favorable to Plaintiff, the Court finds that a reasonable jury could find in favor of Plaintiff on this issue. Admittedly, Plaintiff's evidence is thin, but the Court will allow the jury to determine whether Mr. Anderson was exposed to asbestos through General Cable's products and whether that exposure was a substantial factor in causing his alleged injuries and death.

General Cable also argues that Plaintiff's wrongful death fails because Plaintiff cannot demonstrate that Mr. Anderson died from asbestosis.[15] Plaintiff must demonstrate this with reasonable medical certainty. General Cable points to Dr. Richard Kanner's opinion that Mr. Anderson's cardiovascular problems caused his death and that these problems were totally unrelated to his asbestosis. Dr. Kanner states that Mr. Anderson's asbestosis probably did not contribute to his death. General Cable also argues that, although Mr. Anderson's death certificate indicates asbestosis as the cause of death, his death was actually caused by his cardiovascular condition.

Plaintiff's Expert, Dr. Samuel Hammar, opines that "Mr. Anderson's exposure to the asbestos-containing insulation from the electrical work he performed for over 40 years was a substantial factor contributing to Mr. Anderson's asbestosis, especially because it is a cumulative dose response disease."[16] Additionally, Dr. Hammar states that Mr. Anderson's asbestosis

---

[15] Docket No. 297, at 39.

[16] Docket No. 291, at 7.

5

contributed to his death.[17] Based on this evidence, there remains a genuine question of fact as to whether Mr. Anderson's asbestosis was a substantial factor in his death. Therefore, the Court will not grant summary judgment on this issue.

General Cable also argues that Plaintiff cannot demonstrate damages to Mr. Anderson's heirs.[18] General Cable contends that Mr. Anderson did not financially support any of his heirs and Plaintiff cannot establish damages by expert testimony. Additionally, General Cable argues that because of Mr. Anderson's age at his death, "none of Mr. Anderson's children, step-children or grandchildren reasonably could have had an expectation of any prolonged relationship with Mr. Anderson in any event."[19]

Plaintiff argues that Mr. Anderson's heirs will be able to demonstrate damages by presenting evidence at trial.[20] Plaintiff contends that it is the jury's role to determine the proper measure of damages. Plaintiff cites to *Jones v. Carvell*,[21] for the proposition that it is the jury's prerogative to determine damages. In *Jones*, the court stated, "The discretion of the jury in awarding damages will of course be guided by the evidence adduced, the common sense of the jury, and the values they reflect from the community from whence they come. Various kinds of evidence are likely to have some relevancy in giving appropriate guidance."[22]

Therefore, although Plaintiff has not presented expert testimony of damages, Plaintiff is able to point to some evidence of damages. Specifically, Plaintiff claims, "Decedent's heirs have

---

[17] *Id.* at 5.

[18] Docket No. 289, at 37.

[19] *Id.* at 39.

[20] Docket No. 291, at 9.

[21] 41 P.2d 105 (Utah 1982).

[22] *Id.* at 108.

sustained pecuniary loss resulting from the loss of care, society, comfort, attention, services, and support of Decedent all to the damage of Decedent's heirs."[23] Plaintiff can present evidence of these damages through the testimony of Mr. Anderson's heirs. Therefore, the Court will not grant summary judgment on this issue.

Lastly, General Cable argues that if the Court does not grant its summary judgment Motion as to any of Plaintiff's survivorship claims, it should do so with regard to damages. General Cable seeks application of a statutory cap on damages available with respect to the survivorship claims pursuant to Utah law. Utah law states

> If, prior to judgment or settlement, the injured person dies as a result of a cause other than the injury received as a result of the wrongful act or negligence of the wrongdoer, the personal representatives or heirs of the person have a cause of action against the wrongdoer or personal representatives of the wrongdoer for special and general damages which resulted from the injury caused by the wrongdoer and which occurred prior to death of the injured party from the unrelated cause. General damages may not exceed $100,000.[24]

The statute states that if "the injured person dies as a result of a cause other than the injury received" then the damages cap is imposed. In this case, it is yet to be determined whether Mr. Anderson's asbestosis was a substantial factor in his death. The Court, therefore, will not grant summary judgment on this issue. This issue can be addressed through jury instructions or post-trial motions.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant General Cable's Motion for Summary Judgment (Docket No.

---

[23] Docket No. 237, at 17.

[24] Utah Code Ann. § 78B-3-107(1)(b).

289) is DENIED.

DATED this 9th day of April, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge